IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| RICKEY LETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 2:17-CV-336-MHT-TFM |
| CITIFINANCIAL SERVICING LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**CITIFINANCIAL SERVICING LLC'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM
OF LAW IN SUPPORT THEREOF**

**COMES NOW** CitiFinancial Servicing LLC ("CitiFinancial"), by and through its undersigned counsel, and, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves the Court to dismiss plaintiff Ricky Lett's ("Plaintiff") First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted. In support thereof, CitiFinancial states as follows:

### I. INTRODUCTION

Plaintiff's FAC purports to assert a breach of contract claim against CitiFinancial. (*See generally* Doc. 29.) However, as shown below, the FAC fails to allege that CitiFinancial breached the contract or caused any damage to Plaintiff. In fact, when taken as true, the allegations of the FAC demonstrate that CitiFinancial complied with the terms of the contract. Therefore, Plaintiff's FAC fails to state a

30799560 v2

claim upon which relief can be granted and must be dismissed. Moreover, because these deficiencies were raised by CitiFinancial in its initial Motion to Dismiss, (Doc. 7), and have still not been cured by Plaintiff, the FAC should be dismissed with prejudice without leave to amend.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

On May 23, 2017, Plaintiff filed his initial Complaint in this Court. (Doc. 1.) The Complaint alleged, among other things, that CitiFinancial improperly charged Plaintiff interest at the rate of 11.290% on his mortgage loan. (Doc. 1 at 2.) CitiFinancial responded by filing a Motion to Dismiss or, in the alternative, Motion for More Definite Statement ("Motion to Dismiss") (Doc. 7.) CitiFinancial's Motion to Dismiss pointed out the deficiencies in Plaintiff's Complaint, including its failure to state a claim against CitiFinancial for which relief could be granted. (*See id.*)

Plaintiff responded to CitiFinancial's Motion to Dismiss by filing two separate "responses," which were essentially amended complaints, one directed to "CitiFinancial" and the other directed to "CitiFinancial Servicing LLC."[2] (*See

---

[1] CitiFinancial does not admit the truth of the factual allegations in the FAC. However, for purposes of evaluating the FAC at the motion to dismiss stage, the allegations in the complaint are taken as true. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).

[2] "[C]ourts generally look to substance of a pleading, not its labels and form." *Pickett v. Williamson*, No. 5:11–cv–03439–JHE, 2015 WL 2450767, at *2 (N.D. Ala. May 22, 2015) (collecting cases).

Doc. 11, Doc. 12).  These responses alleged that CitiFinancial improperly charged Plaintiff interest at the rate of 11.2920%, rather than the annual percentage rate of 11.75%.  (Doc. 11 ¶¶ 2, 3, 5, 6; Doc. 12 ¶¶ 2, 3, 6.)  CitiFinancial then filed a Reply in Support of its Motion to Dismiss, or in the alternative, Renewed Motion to Dismiss (the "Reply"). (*See* Doc. 14.) CitiFinancial's Reply explained that the deficiencies in Plaintiff's Complaint were not remedied by Plaintiff's responses to the Motion to Dismiss. (*See id.*)  In particular, CitiFinancial pointed out that Plaintiff still failed to state a claim for breach of contract as the interest rate alleged to have been charged was the rate stated in the Note.  (Doc. 14 at 6.) Plaintiff subsequently filed a third response in which Plaintiff again asserted CitiFinancial improperly charged Plaintiff interest at a rate of 11.2920% instead of 11.75%. (*See* Doc. 15 ¶¶ 1–3, 5, 8.)

Plaintiff has now filed a document labeled "First Amended Complaint," which is actually Plaintiff's fourth attempt to state a claim against CitiFinancial, including Plaintiff's three responses to CitiFinancial's initial Motion to Dismiss. (Docs. 11, 12, 15.) The FAC, like Plaintiff's responses to the Motion to Dismiss, attempts to assert a breach of contract claim by alleging that CitiFinancial charged Plaintiff the incorrect interest rate. (*Compare* Doc. 29, *with* Doc. 11, Doc. 12, Doc. 15.) Specifically, Plaintiff's FAC alleges "[t]he Disclosure Statement, Note and Security Agreement which the Plaintiff signed . . . has a stated Annual Percentage

Rate of 11.75%." (Doc. 29 ¶ 6.) Plaintiff further alleges CitiFinancial "improperly charged an interest rate of 11.2920% as to Plaintiff's monthly mortgage payments." (*Id.* ¶ 8.) Plaintiff claims that as a result of this purported breach, he was damaged. (*Id.* ¶ 18.)

### III. ARGUMENT

#### A. Legal Standard for Fed. R. Civ. P. 12 Motions

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted when the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Rule 8(a)(2) of the Federal Rule of Civil Procedure requires that a plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). "To survive a motion to dismiss [under Rule 12(b)], a complaint need not contain 'detailed factual allegations,' but instead the complaint must contain 'only enough facts to state a claim to relief that is plausible on its face.'" *Wambles v. Army Fleet Support, LLC*, No. 1:12-cv-20–WHA, 2012 WL 602215, at *1 (M.D. Ala. Feb. 24, 2012) (quoting *Twombly*, 556 U.S. at 570). "The factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 556 U.S. at 555).

In the Eleventh Circuit, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." *Owens-Benniefield v. Nationstar Mortgage LLC*, --- F. Supp. 3d ---, 2017 WL 2600866, at *3 (M.D. Fla. June 15, 2017) (quoting *McFarlin v. Douglas Cty.*, 587 Fed. Appx. 593, 595 (11th Cir. 2014)). "Dismissal remains appropriate, even as to a *pro se* plaintiff, where the complaint fails to satisfy *Twombly* pleading requirements." *Walker v. Mobile Police Dept.*, No. 17-cv-0117-WS-M, 2017 WL 1398654, at *2 (S.D. Ala. Apr. 18, 2017).

> B. **Plaintiff's First Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**
>
>> 1. **Plaintiff's First Amended Complaint Fails to State a Breach of Contract Claim.**

The FAC fails to set forth any allegations suggesting CitiFinancial breached its contract with Plaintiff or caused any damage to Plaintiff. "'[T]o recover on a breach-of-contract claim, a party must establish: (1) the existence of a valid contract binding the parties, (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages.'" *Harp Law, LLC v. LexisNexis*, 196 So. 3d 1219, 1224 (Ala. Ct. App. 2015) (quoting *Capmark Bank v. RGR, LLC*, 81 So. 3d 1258, 1267 (Ala. 2011)).

Much like Plaintiff's prior filings, Plaintiff attempts to assert a breach of contract claim in the FAC by alleging CitiFinancial charged him the incorrect

interest rate. Specifically, Plaintiff alleges that his Disclosure Statement, Note and Security Agreement (the "Note") "has a stated Annual Percentage Rate of 11.75%." (Doc. 29, ¶¶ 6, 15.) Plaintiff claims CitiFinancial violated the Note by "improperly charg[ing] an interest rate of 11.292%." (*Id.* ¶¶ 8, 17.) These are the same allegations Plaintiff has made in all of his prior filings. (*See* Doc. 1, p. 2; Doc. 11, p. 2, ¶¶ 2–4; Doc. 12, p. 2, ¶¶ 2–4; Doc. 15, ¶¶ 1–3, 5.) To support his assertion that CitiFinancial charged him the incorrect interest rate, Plaintiff cites to Doc. 11-1, which is a partial copy of his Disclosure Statement, Note and Security Agreement. (*See* Doc. 29, ¶ 6; Doc. 11-1, at 1.)

However, when read in its entirety, the Note clearly provides that Plaintiff's interest rate under the contract is in fact 11.2920%, while his annual percentage rate ("APR") is 11.75%. (*See* Note, attached hereto as Exhibit A, p. 1.)[3] Under the section entitled "Promise to Pay" on the bottom of the first page, the Note states as follows:

> PROMISE TO PAY: In return for a loan that Borrower received, Borrower promises to pay to the order of Lender the Principal amount shown above, plus interest on the unpaid Principal balance from the

---

[3] "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citations omitted).

Date Charges Begin shown above **at the rate of interest of 11.2920% per annum**.

(*Id.* (emphasis added).)

An APR represents a different calculation from an interest rate charged on a loan. While an interest rate represents only the interest charged on a loan, an APR is based on the interest rate and any other costs or fees involved in obtaining a loan. *See* 12 C.F.R. pt. 226.22(a)(1) ("The annual percentage rate is a measure of the cost of credit, expressed as a yearly rate, that relates the amount and timing of value received by the consumer to the amount and timing of payments made."). Thus, because Plaintiff alleges that CitiFinancial charged him a rate of 11.2920% interest, and this is the precise interest rate provided for in the Note, Plaintiff's own allegations demonstrate that CitiFinancial fully complied with the terms of the contract. The FAC therefore fails to assert a breach of contract claim, and Plaintiff's FAC is due to be dismissed with prejudice.

**2. Plaintiff's First Amended Complaint Fails to Allege that Plaintiff was Damaged.**

The FAC also fails to assert any facts that could support a claim that Plaintiff was damaged by CitiFinancial's purported breach. Plaintiff alleges that CitiFinancial's miscalculation of interest damaged him "in an amount to be determined at trial." (*See* Doc. 29, ¶¶ 12, 18.) However, Plaintiff's alleged damages are nonsensical. Plaintiff alleges that CitiFinancial charged him an interest rate of

11.2920% instead of the 11.75% APR he agreed to in the Note. (*See generally* Doc. 29.) Even if CitiFinancial had incorrectly charged Plaintiff 11.2920% in interest instead of 11.75%, 11.2920% is a ***lower interest rate*** than 11.75%. Thus, Plaintiff's own allegations directly contradict his assertion that he was damaged by the purported breach. If anything, Plaintiff's allegations suggest Plaintiff benefited from the alleged breach. The FAC fails to set forth any facts explaining how Plaintiff was damaged by being charged an interest rate that allegedly was lower than the interest rate he allegedly agreed to pay. Plaintiff therefore has not asserted, and cannot assert, that he was damaged by the purported breach. For these additional reasons, the FAC fails to state a valid cause of action against CitiFinancial and is due to be dismissed with prejudice.

### 3. Plaintiff's First Amended Complaint Fails to Remedy the Deficiencies of Plaintiff's Prior Pleadings.

Counting Plaintiffs' filings in response to CitiFinancial's Motion to Dismiss, (Docs. 11, 12, 15), this is essentially Plaintiff's fourth attempt to allege a breach of contract claim against CitiFinancial. However, the FAC fails to cure any of the deficiencies of Plaintiff's prior pleadings. In fact, the FAC merely restates the allegations set forth in Plaintiff's first two responses to the Motion to Dismiss in a more organized fashion. (*Compare* Doc. 29, *with* Doc. 11, Doc. 12.) The FAC fails to include any additional factual assertions that could be construed to support an allegation that CitiFinancial breached its contract, let alone caused any damage to

Plaintiff, despite the fact that CitiFinancial pointed out these exact deficiencies in its prior Motion to Dismiss briefing. (*See* Doc. 14 at 6-8.)

The Eleventh Circuit has held that, "'[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. . . .'." *Case v. Riley*, 270 F. App'x 908, 910 (11th Cir. 2008) (affirming dismissal of complaint without leave to amend where amendment would have been futile). Additionally, "a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile." *Sifford v. Ford*, No. 16-17730, -- Fed. Appx. --, 2017 WL 2874517, at *2 (11th Cir. July 6, 2017).

Plaintiff has been given his "one chance to amend" in this matter, and no additional amendments are warranted. Indeed, counting his filings in response to CitiFinancial's Motion to Dismiss, the FAC is Plaintiff's fourth attempt to allege a breach of contract claim against CitiFinancial. (*See* Doc. 1, Doc. 11, Doc. 12, Doc. 29.) Each of Plaintiff's attempts has been legally and factually deficient. CitiFinancial has repeatedly pointed out these deficiencies; however, Plaintiff has failed to remedy them. Plaintiff is not entitled to repeated bites at the apple until something sticks. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that a court may deny a plaintiff leave to amend when there has been "repeated failure to cure deficiencies by amendments previously allowed"); *Nero v. Mayan*

*Mainstreet Inv 1, LLC*, 645 Fed. Appx. 864, 869 (11th Cir. 2016) (finding that the "district court did not abuse its discretion in denying [a plaintiff] leave to amend his complaint" when, "[d]espite several opportunities, [plaintiff] . . . failed to state a cognizable and non-precluded . . . claim in any of his filings . . . ."); *see also Marshall v. Aryan Unlimited Staffing Solution/Faneuil Inc./Mac Andrews Holding*, 599 Fed. Appx. 896 (11th Cir. 2015) (affirming dismissal with prejudice of *pro se* plaintiff's amended complaint when the plaintiff had "numerous opportunities to file an amended complaint that complied with the court's orders and basic procedural rules" but "failed to cure the deficiencies in her complaint"); *Hunter v. City of Tallassee, Alabama*, No. 2:16-cv-543-MHT-GMB, 2017 WL 1632877 (M.D. Ala. Apr. 12, 2017) (recommending dismissal of the plaintiff's amended complaint with prejudice for failure to state a claim); *Morse v. Advance Cent. Servs. Ala.*, No. 15-00343-CB-M, 2016 WL 3983661 (S.D. Ala. July 25, 2016) (dismissing *pro se* plaintiff's amended complaint for failure to state a claim "despite having been given multiple opportunities to do so").

## IV. <u>CONCLUSION</u>

For the reasons stated herein, CitiFinancial respectfully requests that this Court dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted this 21st day of November, 2017.

>  */s/ Rachel Friedman*
> Reid S. Manley (MAN039)
> Rachel Friedman (FRI045)
>
> **BURR & FORMAN LLP**
> 420 North 20th Street, Suite 3400
> Birmingham, Alabama  35203
> Telephone: (205) 251-3000
> Facsimile: (205) 458-5100
> rmanley@burr.com
> rfriedman@burr.com
>
> Attorneys for Defendant
> CITIFINANCIAL SERVICING LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served on the following party via U.S. First Class Mail, postage prepaid, on this the 21st day of November, 2017:

Rickey Lett<br>
1249 Sandlewood Drive<br>
Montgomery, AL 36117

                                     */s/ Rachel Friedman*
                                     OF COUNSEL