IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-336-MHT-TFM |
| | ) | |
| CITIFINANCIAL SERVICING, LLC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending before the Court on Defendants' Motion to Dismiss (Doc. 30) and Plaintiff's Response (Doc. 34).[1] Pursuant to 28 U.S.C. § 636(b) (1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters. (Doc. 3).

### I. INTRODUCTION

Plaintiff, who is proceeding *pro se*, filed this action for breach of contract on May 23, 2017. (Doc. 1). The Defendants filed a Motion to Dismiss, or, in the Alternative Motion for More Definite Statement. (Doc. 7). Thereafter, the Court denied Defendant's Motion to Dismiss but granted Defendant's Motion for More Definite

---

1 Also, pending before the Court is Plaintiff's Motion for a retrial. (Doc. 32). For the reasons set out hereinafter, the Court concludes that this Motion (Doc. 32) is due to be denied as moot.

1

Statement and referred this matter to the Pro Se Assistance Program. (Doc. 24). The Court ordered that Plaintiff file an amended complaint on or before December 8, 2017. (Tr. 27). On November 13, 2017, Plaintiff filed an amended complaint. (Tr. 29). Thereafter, Defendant filed a Motion to Dismiss (Doc. 30) to which Plaintiff filed a response. (Doc. 34).

Pending before the Court is Defendants' Motion to Dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure based upon the Plaintiff's failure to state a claim upon which relief can be granted. (Doc. 30). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. With these standards in mind, the Court will address Defendants' Motion to Dismiss.

## II. DISCUSSION AND ANALYSIS

As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). In the First Amended Complaint Plaintiff alleges Defendants breached its contract with him by charging him an interest rate of 11.292% when the mortgage specifies a rate of 11.75% is to be charged. (Doc. 29 pp. 2-3). "[To recover on a breach-of-contract claim, a party must establish: (1) the existence of a valid contract binding the parties, (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages.'"

2

*Harp Law, LLC v. LexisNexis,* 196 So. 3d 1219, 1224 (Ala. Civ. App. 2015). (Citation omitted.)

Defendants argue that Plaintiff's breach of contract claim fails because Plaintiff alleges that the Defendants charged him a lower rate of interest than was specified in the mortgage; and therefore, he can not prove damages. (Doc. 29 at pp. 7-8). Further, Defendants argue that Plaintiff's interest rate under the contract is 11.292% while his annual percentage rate ("APR") is 11. 75%. (Doc. 30 at p. 6; 30-1 at p.1). Specifically, the mortgage Note states as follows:

> PROMISE TO PAY: In return for a loan that Borrower received, Borrower promises to pay to the order of Lender the Principal amount shown above, plus interest on the unpaid Principal PROMISE TO PAY balance from the Date Charges Begin shown above **at the rate of interest of 11.292% per annum.**

(Doc. 30-1 at p.1)[2]. (Emphasis added). Thus, the Court concludes that Plaintiff's breach of contract claim fails because he can not prove damages, which is an element of the prima facie case, since the actual interest rate charged (11.292%) is less than what Plaintiff alleges he was due to be charged (11.75%). *See, Harp Law,* 196 So. 3d at 1224.

---

2 Because Plaintiff refers to the mortgage note in the Amended Complaint (Doc. 29 at p.2) and the document is central to Plaintiff's claim for breach of contract, the Court may consider the note for purposes of a 12(b)(6) motion without converting the motion into one for summary judgment. *See, Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 30) be and is hereby GRANTED and that Plaintiff's Motion for a Retrial (Doc. 32) be DENIED as Moot.

It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **January 3, 2018.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 19th day of December, 2017.

\s\Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE